United States District Court
District of Massachusetts

| | |
|---|---|
| **Charles Bull,** | ) <br> ) <br> ) |
| Petitioner, | ) <br> ) |
| v. | )    Civil Action No. <br> )    24-11843-NMG |
| **Warden Bowers,** | ) <br> ) |
| Respondent. | ) <br> ) |

**MEMORANDUM & ORDER**

**GORTON, J.**

Respondent, Warden Bowers ("respondent"), moves to dismiss a petition for writ of habeas corpus filed by petitioner, Charles Bull ("petitioner"), pursuant to 28 U.S.C. §2241. For the reasons that follow, the motion to dismiss will be allowed.

Petitioner is a prisoner at FMC Devens ("Devens") in Ayer, Massachusetts. He was sentenced in October, 2023, and arrived at Devens, his designated prison facility, in April, 2024. Petitioner has since filed a petition for writ of habeas corpus claiming the Bureau of Prisons ("the B.O.P.") denied him credits under the First Step Act that would decrease the time of his incarceration.

The First Step Act provides prisoners incentives to complete recidivism reduction programs by offering them time earned credits. 18 U.S.C. §3632(d)(4)(C). Such credits can be

- 1 -

"applied toward time in pre-release custody or supervised release" and provide for earlier release from prison. Id.  By statute, a prisoner cannot begin earning credits before

> the date [his] sentence commences [which is defined as] the date the defendant is received in custody awaiting transportation to, or arrives . . . at, the official detention facility at which the sentence is to be served.

Id. §§3632(d)(4)(B)(ii); 3585(a).  Based upon the subject statute, the B.O.P. promulgated a regulation explaining that eligible prisoners can begin earning time credits on "the date the inmate arrives . . . at the designated . . . facility where [his] sentence will be served." 28 C.F.R. §523.42(a).

Petitioner challenges the validity of this new regulation. He claims that its exclusion of time a prisoner spends in custody before arriving at a designed a facility, i.e., the time between petitioner's sentencing in October, 2023, and his arrival at Devens in April, 2024, is contrary to the statutory text.  Respondent now moves to dismiss the petition for failure to state a claim.

This Court reviews motions to dismiss a habeas petition "according to the same principles" applied in other civil cases under Fed. R. Civ. P. 12(b)(6). Walsh v. Boncher, 652 F. Supp. 3d 161, 164 (D. Mass. 2023).  Accordingly, a habeas petition must state a plausible claim for relief to survive a motion to

dismiss. Levine v. U.S. Dep't of Fed. Bureau of Prisons, No. 20-cv-11833-ADB, 2021 WL 681689, at *1-2 (D. Mass. Feb. 22, 2021).

To present a viable §2241 habeas petition, a petitioner must first exhaust his administrative remedies before seeking relief in federal court. Rogers v. United States, 180 F.3d 349, 357 (1st Cir. 1999); see Rodriguez-Rosa v. Spaulding, No. CV 19-11984-MBB, 2020 WL 2543239, at *7 (D. Mass. May 19, 2020) ("A section 2241 petition . . . is subject to dismissal if the prisoner fails to exhaust his administrative remedies with the B[ureau]."). The B.O.P's administrative remedies program sets out a multi-level process for successful exhaustion. See Cook v. Spaulding, 433 F. Supp. 3d 54, 57 (D. Mass. 2020).

Here, petitioner concedes that he failed fully to exhaust his administrative remedies within the B.O.P. before filing his habeas petition. Nevertheless, he argues that the exhaustion requirement should be waived because it would be futile. See Rodriguez-Rosa, 2020 WL 2543239, at *10 (recognizing that §2241 petition can proceed despite failure to exhaust remedies if exhaustion would prove to be "patently futile").

Whether exhaustion is deemed futile, and is therefore excused, is a matter on which courts have "some leeway" in the §2241 context. Anversa v. Partners Healthcare Sys., Inc., 835 F.3d 167, 176 (1st Cir. 2016). In deciding whether to require exhaustion, courts must balance a petitioner's interest in

"retaining prompt access to a federal judicial forum" against the B.O.P.'s "institutional interests favoring exhaustion." Id.

A petitioner's interest would be paramount if the requirement to exhaust would cause him "undue prejudice." Id. An agency's interest, by contrast, strongly favor exhaustion because it "discourages disregard" for the agency's remedial procedures. Woodford v. Ngo, 548 U.S. 81, 89 (2006) (internal quotations omitted). It likewise affords an agency "the first opportunity to apply [its] expertise" to the issue presented. Anversa, 835 F.3d at 175 (citation omitted).

Here, after careful consideration of the record and the facts presented in the petition, the Court finds that requiring exhaustion would not be futile. It is presumed, in favor of the B.O.P., that exhaustion is warranted to prevent petitioner from bypassing remedial schemes. Woodford, 548 U.S. at 89; Anversa, 835 F.3d at 175. Likewise, the calculation and administration of sentences such as petitioner's falls squarely within the "special expertise" of the B.O.P. Walsh, 652 F. Supp. 3d at 169.

Petitioner, by contrast, fails to demonstrate why the proper adjudication of his claim within the B.O.P. would be unduly prejudial. He is not due for release until 2028 and, even if the sentence is reduced as requested, it will not expire until mid-2027. As such, the relief he seeks will not be diminished during the times it takes to exhaust his remedies.

- 4 -

Cf. id. (recognizing prejudice arises if there is "unreasonable . . . timeframe" for relief).

Petitioner cites other cases wherein the exhaustion requirement has been waived in similar circumstances. See, e.g., Hare v. Ortiz, No. CR 18-588-1(RMB), 2021 WL 391280, at *3 (D.N.J. Feb. 4, 2021) (waiving exhaustion for challenge to validity of B.O.P. regulation); Patel v. Barron, No. C23-937-KKE, 2023 WL 6311281, at *4 (W.D. Wash. Sept. 28, 2023) (same). Unlike those cases, however, this case does not turn on the regulatory issue alone because it is unclear that the B.O.P. will deny the relief petitioner seeks based solely upon its reading of the challenged regulation. Rather, respondent cites alternative grounds that may warrant denying credits, namely a lack of evidence that petitioner completed eligible programming before arriving at Devens.

Accordingly, the Court will allow respondent's motion to dismiss the petition. See Nygren v. Boncher, 578 F. Supp. 3d 146, 149 (D. Mass. 2021) (dismissing §2241 petition for failure to exhaust remedies); Dunfee v. Barry, Civil Action No. 17-40108-DHH, 2018 WL 4571659, *2-3 (D. Mass. Sept. 24, 2018) (same), appeal dismissed, 2019 WL 1858264 (Jan. 18, 2019).

## ORDER

For the foregoing reasons, the motion of respondent, Warden Bowers, to dismiss the petition for writ of habeas corpus of petitioner, Charles Bull, (Docket No. 12) is **ALLOWED**.

**So ordered.**

                                               /s/ Nathaniel M. Gorton
                                               Nathaniel M. Gorton
                                               United States District Judge

Dated: April 10, 2025